Mr. Justice James
delivered'the opinion" of the Court:
This is an action for injuries sustained by reason of the *256 defendant’s negligence, in causing the plaintiff to fall from one of its cars. The plaintiff testified, in his owd behalf, that on the evening of the 28th of April, 1882, at about 9 o’clock, he took passage in one of the defendant’s cars on Pennsylvania avenue to go to his home on Nineteenth street; that he took his seat about two-thirds of the distance from the rear platform; that at or near Nineteenth street he signaled to the conductor to let him off; that the conductor was then inside the car figuring up his accounts under the light; that, upon receiving the signal, the conductor rang the bell and the car began to slow up, and, as he supposed, was about stopping; that there were not many passengers inside, but the platform was crowded; .that he made his way through the crowd on the platform and down on to.the step which was occupied by a man and a boy, who held on to the railings on each end of the step; that the car was, at that time, almost at a standstill; that he could neither swing off nor get back; that just as he had gotten on the step the bell was rung and the car started, and he was thereby thrown off on to the pavement and injured. He further stated that the conductor did not go out to the platform to assist him to get off. On cross-examination he said that, at the time of his attempting to get off, there were only six or eight passengers inside of the car, while the platform was so crowded that the man and boy referred to had to stand upon the step.
On the part of the defendant the conductor testified that the plaintiff was in the habit of riding on defendant’s cars and of getting off while the car was in motion; that when the plaintiff signaled on the night in question he, the conductor, rang the bell and the car began to slow; that he was then standing on the rear platform; that he and a small boy were the only persons then on the platform; that the plaintiff, “without waiting for the car to stop, after so signalling the conductor, immediately went out on the rear platform and stepped down upon the step, at the same time *257 holding on to the iron railing on the car, and while the car was still in motion and moving at a slow rate of speed, nearly at a standstill, the plaintiff stepped off, and after he had let go of the car he, the conductor, pulled the bell to go on again, and as the plaintiff turned he fell; * * * that he did not ring the bell for the car to start until after the plaintiff had stepped on the street and let go of the car.”
All of the testimony in the case is set out in the record, but enough has been stated to show the bearing of the exceptions taken. by the defendant, the appellant. At the close of the testimony the plaintiff asked the following instruction, which was given: “If the jury believe from the evidence that the conductor, at the request of the plaintiff, rang the bell to stop the car for him to get off, and that the car thereupon slowed, and that while the plaintiff was waiting for the car to stop, and before it had fully stopped, the ‘car started suddenly forward through the negligent act of the conductor or driver, and that the plaintiff was thereby, and without anj'- negligence on his .part, thrown from the car and injured, then he is entitled to recover.”
To this instruction the defendant excepts on the ground that it commits the subject of negligence to the jury in general terms, without any rule to guide them. It appears to be to the effect that, if the jury should find that the sudden starting of the car, while the plaintiff was waiting to get off, was negligence, and that the plaintiff was thereby thrown off and injured, and that the plaintiff had not done any negligent act, then they should find for the plaintiff. As to the negligence of the defendant, a definite problem was submitted to the jury. They were to determine whether the injury was caused by a certain act of the defendant, and whether that was negligence; and whether that act was a question which a jury is competent to decide without further guidance. In one respect the instruction as to the plaintiff’s negligence was erroneous; but the error was against the party asking it. The jury were allowed to consider whether *258 the injury was “ without any negligence on his part,” and to deny him a verdict if there was any such negligence, whether contributory or not. Of this improper limitation of the plaintiff’s right, however, it is not for the defendant to complain.
On the part of the defendant the following instruction was asked and refused: “The burden of proof is upon the plaintiff to satisfy the jury that he sustained the injury which is the subject of this action, by reason of the negligence of the'defendant and without contributory negligence on his part.” In support of his exception to the court’s refusal to give this instruction the defendant cited The Indianapolis RR. vs. Hurst, 93 U. S., 298. In that case the Circuit Court had charged the jury that “the burden of proving contributory negligence rests on the defendant; and it will not avail the defendant, unless it .has been established by a preponderance of the evidence.” The Supreme'Court-held that this was correct, and added the following comment: “The Court did not say that if such negligence were established by the plaintiff’s evidence the defendant could have no benefit from it, nor that the fact could only be made effectual by a preponderance of evidence coming exclusively from the party on whom rested the burden of proof. It is not improbable that the charge was so given by the court from an apprehension that the jury might without it be misled to believe that it was incumbent on the plaintiff to show affirmatively the absence of such negligence on his part, and that if there was no proof or insufficient proof on the subject, there was a fatal defect in his case. It was, therefore, eminently proper to say upon whom the burden of proof rested ; and this was done without in anywise neutralizing the effect of the testimony the plaintiff had given, if there was any bearing on the point, adversely to him.”
This court has repeatedly applied this rule. It rests upon the very simple principle that no person is presumed *259 to have done wrong or to have been in fault. He must be shown to have been so. The same principle which requires proof against the defendant requires proof against the plaintiff, and negligence on the part of the plaintiff is purely a defensive proposition and a part of the defendant’s case. If evidence tending to establish that proposition comes out in the plaintiff’s proof of the circumstances of the injury, it is of course available to the defendant; but it is treated in that case precisely as it would be treated if that evidence had been produced by him. It may be said to be weighed by the jury as his evidence, and the burden is on him that there shall be a preponderance of evidence against the plaintiff on the question of contributory negligence. The question is not whether the plaintiff has acquitted himself of negligence, but whether the defendant, by adopting what comes from the plaintiff’s witnesses and by what he produced himself, has a preponderance of evidence to the effect that the plaintiff had contributed to his injury by his own negligence. But it is not worth while to dwell upon the grounds of this rule; the question has been absolutely settled and closed by superior authority.
The defendant next complains that the court refused the following instructions: “There is evidence in this cause from which the jury may infer contributory negligence on the part of the plaintiff, and if the jury find the same, the plaintiff is not entitled to recover.”
We think it would not have been proper to treat that question in that way. Such an instruction would contain the very vice which the exceptant imputes to the first instruction given at the instance of the plaintiff. It leaves the question of contributory negligence to the jury without any guidance, or giving them any rule for determining when a plaintiff’s negligence is to be regarded as contributory. It points out nothing for their consideration, and could only have effect as an indefinite and misleading intimation that there was evidence of contributory negligence. *260 On the other hand, the court covered the same ground in its charge to the jury. The trial justice there said: “If the plaintiff undertook, after requesting the conductor to stop the car, to descend from the car while it was still in motion, however slowly it might be going, that is an act involving necessarily some imprudence; so I take it; and if that act was the cause of his falling, it would amount, in my judgment, to contributory negligence, and would defeat his action.” This part of the charge gave the defendant more than he asked in his rejected prayer. If this instruction, however, had not been given in the charge, the prayer would still have been properly refused. It was substantially wrong and was also misleading as a detached proposition.
The next exception argued by the defendant is, that'the court erred in refusing to rule that the plaintiff in law contributed to the injury. The facts on which such an instruction must rest were themselves in dispute. The court could so instruct only upon an undisputed basis.
The remaining exceptions are to the charge. The court began by stating that the case suggested four theories as to the cause of the accident complained of, and then stated these theories as follows:
1. “In the first place the testimony on the part of the defendant is to the effect that the plaintiff had descended from the car in safety, and that he stepped and fell from some cause not attributable to the conduct of the defendant, but from some unforeseen accident. If you find that to be the case, it is perfectly apparent that there is no ground of action at all.”
2. “If the plaintiff undertook, after requesting the conductor to stop the car, to descend from the car wlvile it was still m motion, however slowly it might be going, that is an act involving necessarily some imprudence; so I take it; and if that act was the cause of his falling it would amount, in my judgment, to contributory negligence, and would defeat his action.
*261 3. “ If you were satisfied that it was an act of carelessness on his part to come out on the crowded platform and step down on the step while it %uas already occupied by other people, so that he had to stand between them, and had no means of supporting himself, and in consequence of .that alone, he fell from the car, without any other cause — I say, if you are satisfied that that was an act of carelessness on his part, and that it was the direct cause of his falling from the car, that would also amount to contributory negligence, which would defeat his right to recover.”
4. “If you are satisfied that while he was upon the step, even though it might have been imprudent in him to go there, and yet, if the conductor had allowed the car to stop, he would have alighted in safety and no accident would have happened, but that, instead of so doing the conductor, either negligently failed to observe whether or not he had alighted, or seeing him there neglected to await until he had alighted and gave the signal to go on, .and in consequence of that a sudden jerk of the car took place, and that threw him down and was the immediate cause of his falling, andNhat the accident would not have happened but for that fact, then I hold that the company is responsible.”
To so much of the charge as was stated under the first, third and fourth of these theories or conditions of the evidence, the defendant excepted.
We do not perceive any ground for his exception to the first theory. It was wholly in his favor. His exception to the third seems to be taken on the ground that the hypothesis contained in it showed contributory negligence in law, and that, therefore, the question of contributory negligence should not have been left to the jury at all. We are of opinion that this hypothesis involved'questions of fact which the court had no right to decide, and that the whole question of negligence, and of the actual cause of the accident, was properly and necessarily left to the jury.
At the argument, however, the defendant’s most serious *262 objection was to the charge of the court upon the fourth hypothesis or theory of the evidence. For the sake of clearness, we repeat this part of the charge: “ If you are satisfied that while he (plaintiff) was upon the step, even though it might have been imprudent in him to go there, and yet, if the conductor had allowed the car to stop, he would have alighted in safety, and no accident would have happened, but that, instead of so doing, the conductor either negligently failed to observe whether or not he had alighted, or, seeing him there, neglected to wait until he had alighted, and gave the signal to go on, and in consequence of that a sudden jerk of the car took place, and that that threw him down and was the immediate cause of his falling, and that the accident would not have happened but for that fact, then I hold that the company is responsible.”
This presents for consideration the doctrine of proximate or effective cause in cases of injury.
In any such case the facts may show that the plaintiff simply hurt himself, or that he helped to hurt himself, while the defendant also hurt him; or they may show that, although the plaintiff had been guilty of some negligence, he cannot be said to have thereby hurt himself or to have helped to hurt himself, and that it was really the defendant who caused the injury. In the first and second conditions of fact the plaintiff cannot recover; in the last he can. t
By the instruction just recited the court undertook to give the jury a rule for determining whether the plaintiff should be held by them to have helped to hurt himself, or whether, in spite of his antecedent imprudence in being on the step, the real cause of his being hurt was the act of the defendant. Was this rule correctly given? In order to determine the effect of an instruction it is sometimes convenient to recast it.
The jury were substantially told that, even if they should think it was imprudent in the plaintiff to step down onto *263 the step before the car had stopped, yet if they were satisfiled that no harm would have come of his doing so if the conductor had allowed the car to stop, and were satisfied that, instead of allowing it to stop, the conductor gave a signal to go on, and that in consequence of that a sudden jerk caused the plaintiff to fall off the step, and that in giving this signal and thus causing the jerk the conductor was negligent, either by reason of failing to observe, before he gave it, whether or not the plaintiff had alighted, or by reason of failing to wait till the plaintiff had alighted after seeing that he had not done so — then they ^should find that the defendant’s negligence was the cause of the injury.
The defendant’s printed argument says of this instruction: “ The court erred in ruling that if the jury found that the plaintiff was, in fact, guilty of contributory negligence in descending to the steps under the circumstances, he could still recover if the conductor either negligently failed to see him there or saw him there and then started the car and thereby threw him off.” And he thereupon argued that the authorities allow a recovery by one who has himself been negligent in those cases only w'here the defendant had actually discovered the plaintiff’s resulting danger and had time, after so discovering it, to counteract it and failed to use his opportunity.
As to this mode of stating the court’s ruling it is to be observed first that it misconstrues the instruction. The jury were not told that, even if the plaintiff “ was, in fact, guilty of contributory negligence,” he might .still recover on the conditions supposed. On the contrary, they were plainly made to understand that they were first to determine whether the plaintiff’s negligence was contributory; and they were further told, in effect, that it was not to be treated as contributory if they found that it was after all the defendant’s negligence which rendered fatal what would otherwise have been harmless. And then, for the purpose of applying this test of the true cause of the injury, the jury were *264 authorized by the instruction to treat a failure to observe whether a passenger, about to alight, was safely off the car before it was started again as a negligence, which was the proximate cause; in other words, the cause of the injury.
It is proper, however, to consider the aspects of the case as presented by the defendant. It was insisted at the argument that, by placing himself upon the step of the car, the plaintiff was guilty of a negligence which exposed him to the injury which befell him, and that such negligence must be considered to be a contributory cause of that injury, unless it is shown that the defendant became atoare of plaintiff’s danger, and was by such knowledge charged with a duty to avert its consequences, and that he neglected that duty. It was admitted that in such a case the negligence of the defendant in not counteracting a peril which he saw, would be the proximate cause, and, therefore, in law the cause of the injury; but it was claimed that where the defendant was only negligent in not seeing that the plaintiff was in danger the case was simply one of two similar and co-operative negligences, and that the defendant’s negligence could not then be treated as the cause of the injury. In support of this proposition the defendant referred to cases in which the injury happened when the plaintiff and defendant were using the same highway, and it was claimed that the principle established by those authorities is that when the plaintiff has been guilty of negligence, the defendant cannot be held liable, unless it is shown that he had actual knowledge of the plaintiff’s condition of peril and was then negligent of his duty to try to avoid the injury.
It is unnecessary to consider in this case whether, in the class of cases referred to, a defendant’s negligent omission to observe that he had the opportunity to render the plaintiff’s negligence harmless should have the same effect to charge him, as the proximate cause of the injury, which his omission of duty in that respect, after actually seeing that he •had that opportunity, is admitted to have. The question *265 which we have to determine is, what is the effect of a passenger-carrier’s omission to observe whether a passenger, whom he is setting down, has actually alighted ; and this question is governed by the law of this particular business.
It is to be remembered that, by the hypothesis of the instruction now under consideration, the matter in hand was the delivery of a passenger; that the car had slowed in order that he might alight; that the passenger was on the platform step for the purpose of alighting, and that his carrier, without observing whether the delivery was completed, started the car again, with a sudden jerk, and threw him off.
Now, the omission in such a case was not, as in the cases referred to, an omission to observe that a person had placed himself in danger of being hurt by him whereby he himself was called upon to exercise care to avert that consequence; it was not as merely a dangerous position, that the fact of his passenger’s being still on the platform step was to be observed by him, but as a fact involving the question whether his passenger’s delivery had yet been completed by his alighting. It was part of his own employment to observe whether an alighting passenger had actually alighted before he should start his car again. ■ The legal aspect of Ms omission was that it was a failure to observe whether he had completed his own work of delivering his passenger; and if he did not attend to that duty, and did not give his passenger time enough to get off before he started again, it was necessarily this negligence of a common carrier’s duty that did the mischief. The duty spoken of in the authorities referred to by the defendant stands upon a wholly different principle. In those cases the fluty was one owing to a person solely because he was in danger of being hurt; in this case the duty was owed to one w7hom the defendant had undertaken to deliver, and who was to be allowed by the defendant to alight without any interruption of his alighting.”
But, as the plaintiff’s “imprudence” in being on the platform step was dwelt upon by the defendant as an act of *266 negligence, and was adverted to in the court’s instruction, it is proper to consider further the legal aspect of that act, and especially whether it could possibly be regarded as a negligence, contributory to'Ms being jerked off by the starting again of the car.
It is an essential element of all the cases in which the plaintiff has been held guilty of contributory negligence by being in the wrong place that he thereby put himself in the way of precisely what happened to him, and his doing so was negligence just because he disregarded that risk. For example, when a person walks upon á railway track, his doing so is held to be negligence because he incurred the risk of the very injury that befell him. It is irrelevant to consider whether he thereby exposed himself to some other kind of mishap. Negligent exposure of that kind could not be contributory to the mishap that did occur; and so here. It is irrelevant to the defendant’s exception that the plaintiff may, by going onto the platform step before the car stopped, have put himself at the risk of falling off by reason of some motion of the car, since that could not be contributory to his being jerked off by the conductor’s starting again. The question is whether he exposed himself to this last peril and thereby contributed to the injury which actually happened. Now, the hypothesis of the charge is that the plaintiff, being a passenger carried by a common carrier of passengers, had demanded a stoppage of the car in order that he might alight. He had a legal right that the car should not merely slow up but actually stop for that purpose, and there was, in contemplation of law, no risk that it would start again, either with sudden jerk or otherwise, until he should have alighted. Nothing was to be anticipated by him but a complete performance of the carrier’s duty. It was on his part a matter of course, because it was a part of the law of passenger carrying that no sudden starting should interrupt the cause of his alighting. Even if- it be true that he put himself in peril of falling before *267 the car came to a standstill he cannot be said to have put himself in peril of being in this way jerked off and thus to have contributed to his being jerked off by the conductor. On the other hand it does not lie in the mouth of the carrier to object that the passenger made it easy for him to be jerked off by a starting of the car, which constituted a violation of the carrier’s duty to that passenger.
On the hypothesis of the charge, then, no case of two contributory negligences can arise. The negligence of the conductor in failing to observe whether his passenger had alighted before he caused the car to start again, thereby throwing him off, would necessarily be the cause of the injury-
In conclusion, we deem it important to state again the duty of this class of carriers. It is the legal duty of the conductor of a street-car to stop his car when a passenger is about to alight; it is his legal duty to observe a passenger who is alighting and to be sure that he has actually alighted, before he starts his car again; and if he hurts his passenger by any neglect of his duty' it is immaterial whether that neglect consisted of not observing what it was his particular business to observe, or of not doing what it was his particular business to do after he had observed.
We find no error in the rulings of the court, and'we find in the case stated no reason, to question the verdict of the jury.
Judgment is therefore affirmed.